IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL COMMUNICATIONS, INC., | § | CASE NO. 08-36737-H4-11 |
| Debtor | § | (Chapter 11) |
| | § | |
| SKYPORT GLOBAL COMMUNICATIONS, INC., | § | ADV. NO. _____ |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| NEW SKIES SATELLITES, B.V. and SES Americom, Inc. n/k/a SES WORLD SKIES | § | |
| Defendants | § | |

**COMPLAINT TO AVOID PREFERENTIAL TRANSFERS
AND FOR EQUITABLE SUBORDINATION**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Comes now the Plaintiff, SKYPORT GLOBAL COMMUNICATIONS, INC. ("Debtor" or "SkyPort"), and files this Complaint and respectfully states as follows:

**SUMMARY OF ADVERSARY PROCEEDING**

1.      The Plaintiff seeks to avoid preferential payments made to the Defendant, New Skies Satellites, B.V. ("New Skies") and SES Americom, Inc. ("Americom"). Within the ninety days preceding the commencement of the Debtor's bankruptcy case, New Skies received transfers from the Debtor totaling $174,000, which are subject to avoidance and recovery pursuant to 11 U.S.C. §§547 548, and 550(a). Plaintiff also seeks equitable subordination of New Skies' administrative expense.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction by virtue of 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**PARTIES**

3. The Plaintiff is the successor to the Debtor-in-Possession in the above-captioned bankruptcy estate. Under Section 1107(a) and the confirmed plan of reorganization, the Debtor is empowered to bring avoidance actions as its own trustee.

4. The Defendant New Skies Satellites, B.V. ("New Skies"), was a corporation that is generally present in the United States and did business with the Debtor. New Skies filed a proof of claim in this bankruptcy proceeding (claim #45) and has counsel who has appeared of record.

5. To the extent New Skies was not merged into World Skies (described below) New Skies may be served with process pursuant to Bankruptcy Rule 7004(b)(3),(7),(8) through counsel willing to accept process. Alternatively, New Skies may be served under Fed. R. Bankr. P. 7004(b)(3) and (8) by first class mail addressed to the address on the proof of claim (claim #45): Rooseveltplantsoen 4, 2517 KR The Hague, Netherlands. Alternatively, New Skies can be served under the Hague Conversion for Service of Judicial Documents and Fed. R. Civ. P. 4(h) through the Dutch Central Authority, or pursuant to Article 10(b) of the Hague Convention, or pursuant to local Dutch law. Alternatively, because New Skies is generally present in the United States, it may be served by first class mail at any place it regularly conducts business in the United States. Upon information and belief, SES New Skies has merged with SES Americom into a domestic entity known as SES WORLD SKIES ("World Skies").

6. SES Americom, Inc. is a domestic corporation with a principal place of business in the United States. It was, upon information and belief, a subsidiary of New Skies and acting in a single business enterprise with SES New Skies. Alternatively, it is a general partner, joint venturer, or alter ego of New Skies. The SES WORLD SKIES website announces "SES AMERICOM and SES NEW SKIES have joined together to form SES WORLD SKIES."[1]. SES WORLD SKIES – f/k/a SES New Skies and SES Americom may be served under Fed. R. Bankr. P. 7004 by mailing a copy of the summons, complaint and scheduling order by first class mail to any officer at its principal place of business. 4 Research Way Princeton, NJ 08540.

## FACTUAL BACKGROUND

7. This Chapter 11 bankruptcy case was filed on October 24, 2008. The Debtor successfully confirmed and consummated its plan of Reorganization. Under the Plan, the Debtor maintained the right to pursue avoidance actions for the benefit of the estate.

8. The Debtor made multiple payments to New Skies in the 90 days preceding the Petition Date (collectively, the "Transfers"):

| | |
|---|---|
| 8/7/08 | $ 10,500 |
| 8/22/08 | $ 15,500 |
| 8/22/08 | $ 30,000 |
| 8/29/08 | $ 15,500 |
| 9/03/08 | $ 30,000 |
| 9/18/08 | $ 22,500 |
| 10/7/08 | $ 50,000 |
| Total | **$ 174,000** |

---

[1] From http://www.ses-worldskies.com/worldskies/company/index.php  retrieved Sept. 9, 2009.

9. The Debtor was insolvent on the date of each of the Transfers. The Transfers allowed New Skies to receive more than they would receive in a hypothetical Chapter 7 liquidation.

10. Despite SkyPort's payments of more than $150,000, New Skies continued to pressure the Debtor to pay prepetition debt– even after being made aware of the bankruptcy filing and automatic stay. .

## AVOIDANCE OF PREFERENTIAL TRANSFERS UNDER 11 U.S.C. §547, 550

11. Plaintiff re-alleges and incorporates by reference paragraphs 1- 8 herein.

12. New Skies held an unsecured antecedent debt against the Debtor for pre-petition past due invoices.

13. New Skies received the Transfers from the Debtor on account of an antecedent debt. The Transfers were made within ninety (90) days prior to the Petition Date.

14. The Transfers enabled New Skies to receive more than it would receive in a Chapter 7 liquidation of the Debtor's assets.

15. The Transfers were the result of unusual collection activity – specifically threats to terminate service. The Supreme Court explained that the preference avoidance statute is designed to "discourage unusual action by either the debtor or his creditors during the debtor's slide into bankruptcy". *Union Bank v. Wolas*, 502 U.S.151, 159 (1991).

16. The Debtor's Transfers to New Skies went beyond normal financial relations as the Debtor was threatened with termination based on a stale debt. The Transfers were not made in the ordinary course of business.

17. Under 11 U.S.C. §550, the debtor-in-possession may recover avoidable transfers or their value. Under 11 U.S.C. §551, the equity created by, or asset recovered as an

avoided transfer, is preserved for the estate, including any equity in the "collateral" to the extent the Debtor's contract with New Skies refers to collateral.

18. Defendant is an initial transferee of one or more of the Transfers.

19. Pursuant to 11 U.S.C.§550(a), the Plaintiff is entitled to recover the amount of the preferential payments described herein from the Defendant. Plaintiff is also entitled to both pre-judgment and post-judgment interests and costs.

## CONSTRUCTIVELY FRAUDULENT TRANSFERS

20. The Debtor did not receive reasonably equivalent value in exchange for the Transfers and was either insolvent at the time or rendered insolvent by the Transfers.

21. Under 11 U.S.C. §548 and 550, the Debtor is entitled to recover the value of the Transfer for the benefit of the estate.

## DISALLOWANCE OF NEW SKIES' CLAIM UNDER 11 U.S.C. §502(d)

22. Plaintiff re-alleges and incorporates by reference paragraphs 1- 17 herein.

23. New Skies has been, by this Complaint, demanded to return the Transfers. To the extent that New Skies refuses to voluntarily repay the transfers, the Court "shall disallow any claim" of New Skies.

24. Accordingly, the Debtor asks that all claims by New Skies be disallowed.

## EQUITABLE SUBORDIANTION OF NEW SKIES' ADMINSITRATIVE EXPENSES

25. New Skied pressured the Debtor to pay pre-petition debts after the bankruptcy and after being made aware of the automatic stay. New Skies claimed that, as a foreign entity, it was immune from the Automatic Stay and this Court's jurisdiction.

26. New Skies has since filed an application for administrative expenses before the same court. New Skies has behaved inequitably and under 11 U.S.C. §510, its claim should be

subordinated to below the claims of unsecured creditors.

## JOINT AND SEVERAL LIABILITY

27. SES Americom and SES World Skies are apparently one and the same with SES New Skies asa result of the merger. Accordingly, to the extent relief is granted against one, it is sought against the others. Alternatively, the entities acted in concert as a joint venture or other single unit. Under equitable principles, the Court should disregard the separate existence of each entity.

WHEREFORE, Plaintiff prays that the Defendant be cited to appear and answer, and that on final trial, plaintiff have:

  i. Judgment against Defendant in the amount of all preferential payments made to the Defendant;
  ii. Pre-judgment interest as provided by law;
  iii. Post-judgment interest as provided by law from the date of the judgment until paid;
  iv. Costs of suit;
  v. All claims of New Skies be disallowed,
  vi. Equitable subordination of New Skies' administrative expense claim, and that
  vii. The Court grant such other and further relief as is just and proper.

Dated: September 15, 2009.

>Respectfully submitted,
>
>WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
>
>By: */s/Hugh M. Ray ,III*
>HUGH M. RAY, III
>State Bar No. 24004246
>Eleven Greenway Plaza, Suite 1400
>Houston, Texas 77046
>Telephone: (713) 961-9045
>Facsimile: (713) 961-5341
>
>ATTORNEYS FOR REORGANIZED DEBTOR