IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> **SKYPORT GLOBAL COMMUNICATIONS, INC.** <br><br> Debtor. <br><br> **SKYPORT GLOBAL COMMUNICATIONS, INC.** <br><br> **Plaintiff** <br> v. <br><br> **NEW SKIES SATELLITES B.V.** and **SES AMERICOM, INC. n/k/a SES WORLD SKIES** <br><br> **Defendants** | Chapter 11 <br><br> Case No.: 08-36737-H4-11 <br><br> Adv. No.: 09-03363 |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS**

Defendants, New Skies Satellites B.V., and SES Americom, Inc. (collectively, the "Defendant")[1], by and through its undersigned co-counsel, Connell Foley LLP and Liskow and Lewis, by way of answer to the adversary complaint filed by plaintiff, SkyPort Global Communications, Inc. ("Plaintiff"), hereby aver as follows:

**SUMMARY OF THE ADVERSARY PROCEEDING**

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint.

**JURISDICTIONAL AND VENUE**

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

---

[1] Despite allegations to the contrary in the Complaint, "SES World Skies" is merely a joint trade name utilized by New Skies Satellites B.V. and SES Americom, Inc. since September 2009. The utilization of the new trade name did not affect the corporate structure of the aforementioned legal entities. SES World Skies is not a real legal entity and is therefore not a proper party to be named in this case. Additionally, no summons has been generated as to SES World Skies and no certificate of service has been filed as to SES World Skies.

## PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and leaves Plaintiff to its proofs thereto.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in sentences one through four of Paragraph 5 of the Complaint and leaves Plaintiff to its proofs thereto. Defendant denies the allegations contained in the last sentence of Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in the first sentence of Paragraph 6 of the Complaint. Defendant denies the allegations contained in the sentences two and three of Paragraph 6 of the Complaint. Defendant admits the allegations contained in the fourth sentence of Paragraph 6 of the Complaint. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in sentences five and six of Paragraph 6 of the Complaint and leaves Plaintiff to its proofs thereto.

## FACTUAL BACKGROUND

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and leaves Plaintiff to its proofs thereto.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and leaves Plaintiff to its proofs thereto.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

## AVOIDANCE OF PREFERENTIAL TRANSFERS UNDER 11 U.S.C. § 547, 550

11. Defendant repeats and incorporates herein each response to the preceding paragraphs as if set forth at length herein.

12. Except to admit that New Skies Satellites B.V. is owed money from the Debtor for prepetition services rendered, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint and leaves Plaintiff to its proofs thereto.

13. Except to admit that New Skies Satellites B.V. was paid certain monies from the Debtor for prepetition services rendered, Defendant otherwise denies all other allegations set forth in Paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and leaves Plaintiff to its proofs thereto.

15. Defendant denies the allegations contained in the first sentence of Paragraph 15 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 15 of the Complaint and leaves Plaintiff to its proofs thereto.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and leaves Plaintiff to its proofs thereto.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

## CONSTRUCTIVELY FRAUDULENT TRANSFERS

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

## DISALLOWANCE OF NEW SKIES' CLAIM UNDER 11 U.S.C. § 502(d)

22. Defendant repeats and incorporates herein each response to the preceding paragraphs as if set forth at length herein.

23. Except to admit that the Plaintiff has filed the Complaint and served it upon the Defendant, Defendant otherwise denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

## EQUITABLE SUBORDINATION OF NEW SKIES' ADMINISTRATIVE EXPENSES

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Except to admit that New Skies Satellites B.V. has filed an application for the payment of administrative expenses, the Defendant otherwise denies the allegations contained in Paragraph 26 of the Complaint.

## JOINT AND SEVERAL LIABILITY

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

## SEPARATE AFFIRMATIVE DEFENSES OF NEW SKIES SATELLITES B.V.

1. The Plaintiff's Complaint should be dismissed with prejudice because it fails to state a cause of action upon which relief can be granted.

2. Assuming, without admitting, that New Skies Satellites B.V. received preferential transfers, the Plaintiff's claims should be dismissed because the alleged transfers were intended to be a contemporaneous exchange for new value pursuant to 11 U.S.C. § 547 (c) (1).

3. Assuming, without admitting, that New Skies Satellites B.V. received preferential transfers, the Plaintiff's claims should be dismissed because the alleged transfers were made in the ordinary course of business or financial affairs pursuant to 11 U.S.C. § 547 (c) (2).

4. Assuming, without admitting, that New Skies Satellites B.V. received preferential transfers, the Plaintiff's claims should be dismissed, in whole or in part, because Defendant gave new value to the Debtor after the alleged transfers were made pursuant to 11 U.S.C. § 547 (c) (4).

5. The Plaintiff's claims are barred to the extent of New Skies Satellites B.V.'s right of setoff and/or recoupment and/or Defendant's unpaid post-petition claims against the estate.

### SEPARATE AFFIRMATIVE DEFENSES OF SES AMERICOM, INC.

1. The Plaintiff's Complaint should be dismissed with prejudice because it fails to state a cause of action upon which relief can be granted.

2. Plaintiff's claims should be dismissed because SES Americom, Inc. is a legally distinct corporate entity from New Skies Satellites B.V. that is not liable for transactions that are alleged to have taken place by and between the Debtor and New Skies Satellites B.V.

3. Plaintiff's claims should be dismissed in whole or in part because SES Americom, Inc. is not a initial, immediate or mediate transferee of the alleged preferential transfers pursuant to 11 U.S.C. § 550.

[continued on next page]

WHEREFORE, New Skies Satellites B.V., and SES Americom, Inc. request that this Court dismiss the Plaintiff's Complaint in its entirety and award New Skies Satellites B.V., and SES Americom, Inc. their respective costs of the suit, including reasonable attorneys' fees.

                                        Respectfully submitted,

DATE: November 1, 2009            */s/ John G. Almy*
                                        Michael D. Rubenstein (Bar #2047514)
                                        John G. Almy (Bar#24050221)
                                        LISKOW & LEWIS
                                        First City Tower
                                        1001 Fannin Street, Suite 1800
                                        Houston, TX 77002
                                        Telephone: (713) 651-2900
                                        Fax: (713) 651-2908

                                                -and-

                                        Stephen V. Falanga (*Pro Hac Vice* Admission)
                                        CONNELL FOLEY LLP
                                        85 Livingston Avenue
                                        Roseland, New Jersey 07068
                                        Telephone: (973) 535-0500
                                        *Attorneys for New Skies Satellites B.V. and SES Americom, Inc.*

## CERTIFICATION OF SERVICE

I hereby certify that on this 1st day of November, 2009, I caused to be filed the attached **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS,** via ECF and I further caused it to be served upon counsel for parties set forth below via ECF and US Mail.

>Melissa A. Haselden, Esq.
>Weycer, Kaplan, Pulaski & Zuber, P.C.
>Eleven Greenway Plaza, Suite 1400
>Houston, Texas 77046
>*Attorneys for Plaintiff/Debtor*

I certify under penalty of perjury that the foregoing is true and correct.

>*/s/ John G. Almy*
>John G. Almy (Bar#24050221)

Executed on:   November 1, 2009